UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROGER MAGALHAES, on behalf of himself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| LOWE'S HOME CENTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT LOWE'S HOME CENTERS, INC.'S
NOTICE OF REMOVAL**

Defendant Lowe's Home Centers, Inc. ("Lowe's") hereby removes the state court action described below to this Court.  In support thereof, Lowe's states as follows:

1. On or about January 28, 2013, Plaintiff Roger Magalhaes ("Plaintiff") filed a putative class action that is currently pending in the Suffolk County Superior Court for the Commonwealth of Massachusetts as Case No. 13-0360-BLS (the "State Action").  Plaintiff's counsel sent, by regular U.S. Mail, a Notice of Commencement of Action and a request for Waiver of Service of Process to counsel for Lowe's.  On February 22, 2013, Lowe's counsel formally waived service of Plaintiff's Class Action Complaint ("Complaint or "Compl.") on Lowe's behalf.  Thus, Lowe's was served on February 22, 2013.  Upon information and belief, there have been no other proceedings in the State Action.

2. As explained below, the State Action is one that may be removed to this Court because Lowe's has satisfied the procedural requirements for removal and this Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (CAFA) and 28 U.S.C § 1331 (federal question jurisdiction).

## I.
### Lowe's Has Satisfied The Procedural Requirements For Removal.

3.      Lowe's waived service of process, and was served with the Complaint on February 22, 2013, as the correspondence and form attached as Exhibit A demonstrate.  Thus, Lowe's Notice of Removal is timely because it is filed within 30 days of the date of service.  *See* 28 U.S.C. § 1446(b).

4.      Venue lies in the United States District Court for the District of Massachusetts because the State Action was filed by Plaintiff and is now pending in this judicial district.  *See* 28 U.S.C. 1446(a) (mandating venue for removal actions).

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Lowe's, including the Complaint, are attached hereto as Exhibit B.

6.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Suffolk County Superior Court for the Commonwealth of Massachusetts.

## II.
### Removal Is Proper Because This Court Has Subject Matter Jurisdiction.

**A.      This Court Has Jurisdiction Under The Class Action Fairness Act.**

7.      The State Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715).  Pursuant to CAFA, federal courts have original jurisdiction over a class action if:  (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a state different from any defendant; and (iii) the aggregated

amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

8.      As set forth below, this is a putative class action in which, as alleged:  (i) there are more than 100 members in Plaintiff's proposed class; (ii) the Plaintiff and the members of the putative class have a different citizenship than Lowe's, the sole named defendant; and (iii) the claims of the proposed class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs.  Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### a.      This is a Class Action Consisting of More Than 100 Members.

9.      Plaintiff brings this action pursuant to Massachusetts General Laws, ch. 149, § 148B.  The limitations period for such a claim is three years.  M.G.L. 149 § 150; *Miller v. Trinity Oil Co., Inc.*, No. 9703051, 1999 WL 1318953, *3 (Mass. Super. April 5, 1999).

10.     Plaintiff proposes to represent a class of "[a]ll persons who installed products . . . or performed installation services for Lowe's in the Commonwealth of Massachusetts as Type I installers" and who were allegedly misclassified as independent contractors, excluding "general contractors" and their employees.[1]  Compl. ¶ 6.

11.     Since January 28, 2010, three years before the filing of Plaintiff's Complaint, at least 330 individuals have performed installation services for Lowe's customers in Massachusetts as "Type I" installers, exclusive of "general contractors" and their employees. Declaration of Kevin Becker ("Becker Decl."), ¶ 2.  On information and belief, many, but not all,

---

[1] Plaintiff's attorneys also are prosecuting a class action on behalf of approximately 50 "general contractors" and their employees in a case styled as *D'Italia, et al. v. Lowe's Home Centers, Inc.*, Suffolk County Superior Court Case No. 11-4758-BLS-2.

of those individuals have their own employees whom Plaintiff also seeks to represent. Accordingly, the proposed class greatly exceeds 100 members.

        **b.**      **The Diversity of Citizenship Requirement is Satisfied.**

12.      Plaintiff is an individual who currently resides in Massachusetts.  Compl. ¶ 3. Thus, Plaintiff is a citizen and resident of Massachusetts.

13.      Lowe's is a citizen of North Carolina for removal purposes.  As a corporation, Lowe's is a citizen of its state of incorporation and its "principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1185 (2010).  Under the holding in *Hertz Corp.*, the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) & (d)(2)(A) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities (*i.e.*, its headquarters or "nerve center").  *Hertz Corp.*, 130 S.Ct. at 1192.  Lowe's is incorporated in North Carolina, and its headquarters where its high level officers direct, control, and coordinate the corporation's activities are also located in North Carolina.  Compl. ¶ 8; Declaration of Kristie R. Shugart ("Shugart Decl.") ¶ 2.  Accordingly, for removal purposes, Lowe's is a citizen of the State of North Carolina, not the Commonwealth of Massachusetts.  The requisite diversity of citizenship therefore exists.  *See* 28 U.S.C. § 1332(c)(1) & (d)(2)(A).

        **c.**      **The Amount In Controversy Requirement is Satisfied.**

14.      As noted above, Plaintiff brings suit pursuant to Massachusetts General Laws, ch. 149, § 148B, alleging that Lowe's classified installers as independent contractors to avoid paying Plaintiff and the putative class the benefits that it offers to its employees.  Compl. ¶ 1.  Those alleged benefits include: "'Comprehensive Health Insurance,' from which an employee can pick the 'Co-pay 500' or 'Co-pay 750' option" as well as "Paid Holidays and Vacation," among numerous other benefits.  Compl. ¶¶ 31-35; Shugart Decl. ¶ 5.  Plaintiff seeks "an award of

trebled and liquidated damages plus an award for the costs of the litigation and reasonable attorneys' fees." *Id.* at ¶ 51; *see* Mass. Gen. L. ch. 149 § 150.  Here, removal is proper because Plaintiff's allegations establish there is far more than a "reasonable probability" that the Complaint puts at least $5 million at issue.  *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48-50 (1st Cir. 2009) (holding that a removing defendant need only show a "reasonable probability" that there is more than $5 million at issue).

15.     The Supreme Judicial Court of Massachusetts has held that a misclassified employee is entitled to recover "the value of wages and benefits he should have received as an employee, but did not."  *Somers v. Converged Access, Inc.*, 454 Mass 582, 584 (2009) (interpreting the phrase "damages incurred" in Mass. Gen. L. ch. 149 § 150).  *Somers*, however, is silent on the proper methodology for determining the "value" of such benefits.  In analogous contexts, some courts have properly limited an employee's recovery to out-of-pocket expenses while others have held that an employee is entitled to recover the amount the employer would have paid on the employee's behalf.  *Compare, e.g., Flebotte v. Dow Jones & Co., Inc.*, No. Civ.A. 97-30117-FHF, 2000 WL 35538296, *3 (D.Mass. Dec. 22, 2000) (out-of-pocket expenses in employment discrimination case) *with Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985) (proper measure of an employee's life insurance benefits is the amount the employer would have paid in premiums).  But, as best Lowe's can tell, Plaintiff rejects the conclusion that the putative class is merely entitled to recover the out-of-pocket expenses incurred by class members.  Instead, Plaintiff appears to be seeking to recover the amount of money that Lowe's would have paid for benefits (on behalf of the putative class) but for the alleged misclassification.  The possibility that this Court could find Lowe's liable for such an amount

puts that amount "in controversy" for purposes of determining whether CAFA's jurisdictional threshold has been met.

16.   <u>Health Insurance</u>:  On behalf of a putative class of alleged "part-time or full-time employees of Lowe's," Compl. ¶ 3, Plaintiff seeks classwide recovery of the value of the health insurance that Lowe's provides to its employees.  Compl. ¶ 31.  During the three-year limitations period,[2] Lowe's contribution to its health insurance plans ranged from $204.35 to $695.03 per month per full-time employee, depending on a variety of factors, including the plan chosen and whether the employee chose individual or family coverage, *see* Shugart Decl. ¶ 6, but Lowe's makes no contribution on behalf of part-time employees.  Assuming the putative class consists of an equal number of part-time and full-time employees, *see* Compl. ¶ 3, this element of Plaintiff's case puts between $3.64 million and $12.38 million at issue after the claimed damages are trebled pursuant to Mass. Gen. L., ch. 149, §150.[3]  Moreover, Plaintiff also seeks to represent the employees of the 330 installers who contracted with Lowe's.  Compl. ¶ 6.  If each of the 330 installers who contracted with Lowe's had just one full-time employee, the amount-in-controversy would increase by an amount between $7.28 million and $24.77 million,[4] establishing exposure on the health insurance benefits alone of between $10.92 million and $37.15 million.

---

[2] The putative class members have been performing installations for Lowe's customers for an average of more than 3.3 years.  Becker Decl. ¶ 3.

[3] The first calculation is: ($204.35 per month) x (12 months / year) x (3 years) x (165 full-time class members) x (3) (treble damages) = $3,641,517.  The second calculation is:  ($695.03 per month) x (12 months / year) x (3 years) x (165 full-time class members) x (3) (treble damages) = $12,385,434.60.

[4] The first calculation is: ($204.35 per month) x (12 months / year) x (3 years) x (330 full-time employees of class members) x (3) (treble damages) = $7,283,034.  The second calculation is:  ($695.03 per month) x (12 months / year) x (3 years) x (330 full-time employees of class members) x (3) (treble damages) = $24,770,869.20.

17.     <u>Paid Time Off</u>:  On behalf of a putative class of alleged "part-time or full-time employees of Lowe's," Compl. ¶ 3, Plaintiff also seeks classwide recovery of the amount of the holiday and vacation pay the class would have been entitled to as employees.  Compl. ¶ 35; Shugart Decl. ¶ 5.  Under Lowe's Holiday Pay policy, both full-time and part-time employees accrue up to four days of "floating" holiday pay per year at their base rate.  Shugart Decl. ¶ 6. Under the same policy, Lowe's part-time employees accrue up to 8 hours of "fixed" holiday time, and full-time employees accrue up to 16 hours, which is also paid at the employee's base rate.  Shugart Decl. ¶ 6.  Under Lowe's Vacations policy, part-time employees accrue 0.110 hours per day and full-time employees accrue 0.219 hours per day, which Lowe's pays at the employee's regular rate.  Shugart Decl. ¶ 7.  Assuming the putative class consists of an equal number of part-time and full-time employees, *see* Compl. ¶ 3, these elements of Plaintiff's case put more than an additional $1.16 million in controversy, even when assuming that all of the putative class members earned the minimum wage.[5]  *See* Mass. Gen. L. 151, § 1 (minimum wage).

18.     In addition to health insurance and paid time off, Plaintiff seeks classwide recovery for the value of a variety of other benefits, including but not limited to "a Prescription Drug Benefit," "a Dental Plan," "Vision Care," "Basic Term Life Insurance, Supplemental Term Life Insurance, Dependent Term Life Insurance, Personal Accident Insurance and Business Travel Accident Insurance," as well as "a Stock Purchase Plan and a 401(k) savings Plan." Compl. ¶¶ 31-35.  Finally, Plaintiffs seek attorneys' fees, which are properly included when

---

[5] The calculations are:  <u>Floating Holiday Pay</u>:  (330 class members) x ($8 / hour) x (8 hours / day) x (4 holiday days / year) x (3 years) x (3) (treble damages) = $760,320.  <u>Fixed Holiday Pay</u>:  ((165 class members) x ($8 / hour) x (8 hours) + (165 class members) x ($8 / hour) x (16 hours)) x (3 years) x (3) (treble damages) = $285,120.  <u>Vacation Pay</u>: ((165 class members) x (0.110 hours / day) x (4 work days / week) + (165 class members) x (0.210 hours / day) x (5 days / week)) x (52 weeks / year) x (3 years) x (3) (treble damages) = $115,057.80.

calculating CAFA's $5 million exposure threshold.  *See Toglan v. Marriott Intern., Inc.*, No. 10-10954-MLW, 2011 WL 3625270 (D.Mass. Aug. 15, 2011) (courts must "take into account attorneys' fees" in amount-in-controversy calculation where "the award of those fees is statutorily authorized"); Mass. Gen. L., 149 § 150 (authorizing award of "reasonable attorneys' fees").

19.     Based on the foregoing, there is far more than a "reasonable probability" that the jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

**B.     This Court Has Jurisdiction Under The Employee Retirement Income Security Act.**

20.     This Court also has exclusive jurisdiction over Plaintiff's claims because his state law claims for benefits are completely pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").  Pursuant to ERISA, federal jurisdiction lies where a recipient of an "employee welfare benefit plan" seeks to "clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §§ 1002(1), 1132(a)(1)(B) & (e)(1).

21.     The United States Supreme Court has recognized that Congress gave ERISA the broadest possible preemptive power under federal law and that such preemption completely displaces the application of state law.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987) (discussing ERISA preemption in the context of removal); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987) ("the express pre-emption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern") (internal quotation marks omitted).

22.     Here, Plaintiff alleges, *inter alia*, that Lowe's improperly classified him as an independent contractor rather than an employee and, as a result, improperly deprived him of the

benefits that are offered to Lowe's employees.   Compl. ¶¶ 3, 31, 43(c), 51.   The alleged

retirement, health, and welfare benefits upon which Plaintiff bases his Complaint constitute

qualified employee pension and/or welfare benefit plans and, therefore, are governed by ERISA.

*See, e.g., Amos v. Blue Cross-Blue Shield of Ala.*, 868 F.2d 430, 431-2 (11th Cir. 1989)

(discussing ERISA's scope in the context of preemption and removal); Shugart Decl. ¶ 4.

23.     Accordingly, to recover the ERISA-regulated benefits he seeks, Plaintiff must

prove that he is an "employee" for ERISA purposes, among other things.   *Nationwide Mut. Ins.*

*Co. v. Darden*, 503 U.S. 318, 323 (1992).   For this reason, Plaintiff's claims to those benefits fall

within ERISA's "deliberately expansive" pre-emptive reach and are completely pre-empted.

*Pilot Life*, 481 U.S. at 45-46.

24.     Where, as here, the doctrine of complete preemption applies, state law claims

falling within its scope are "necessarily federal in character."   *See Metro.*, 481 U.S. at 67.   This

means that ERISA's preemptive effect is to convert state law claims for benefits into claims

"arising under federal law for purposes of federal question jurisdiction," making the instant

action properly removable to federal district court.   *See, e.g., Clark v. Dale Prop. Serv.*, 2012

WL 851608 at *3 (W.D. Pa. March 13, 2012) (denying motion to remand where defendant

removed action under ERISA preemption principles in circumstances where allegedly

misclassified independent contractors brought claims exclusively under state law to seek the

value of benefits provided to employees).[6]

---

[6] Two decisions in this district have disagreed with the holding in *Clark*.  *Toro v. CSX Intermodal Terminals, Inc.*, No. 12-40115-TSH, 2013 WL 593947, *2 (D.Mass. Feb. 14, 2013); *Kirkman v. Explorica, Inc.*, 681 F. Supp. 2d 104, 106 (D.Mass. 2009).  Lowe's believes these cases are incorrectly decided and are distinguishable.  *See Toro*, 2013 WL 593947 at *2 (noting that "the Complaint does not assert that [the plaintiff] is entitled to recover benefits under [the defendant's] employee benefits plants").

25.     Courts in the Eastern District of New York, the Southern District of Florida, and the Northern District of California are currently exercising jurisdiction under ERISA in misclassification actions brought against Lowe's entities under those states' respective laws.[7] For example, in *Shephard, et al. v. Lowe's HIW, Inc.*, plaintiffs, two individuals who had contracted with Defendant Lowe's HIW, Inc. to perform installation services as independent contractors, brought suit in California state court claiming that they had been misclassified. Lowe's HIW, Inc. removed the case to federal court on ERISA-pre-emption grounds and the plaintiffs sought remand.  The court denied the plaintiffs' motion, finding that their claims were completely pre-empted under ERISA and, therefore, the court had subject matter jurisdiction over the case.  *See* Order Denying Motion to Remand, entered October 3, 2012, attached as Exhibit C.  The court concluded:

> Plaintiffs request that the Court find that they should correctly have been designated employees and to clarify their rights under the terms of an ERISA-covered plan and to allow recovery of those benefits.  The fact that Plaintiffs do not refer to ERISA in their complaint is inapposite to the Court's analysis. Rather, in seeking the remedies available under ERISA, they have stated claims that "rise under" federal law.  *See* 29 U.S.C. § 1132(g).  Because Plaintiffs seek a federal, ERISA benefit by way of their complaint, this Court has jurisdiction over the claims.

26.     Here, Plaintiff brings a state law claim based on the contention that Lowe's misclassified him and the putative class members as independent contractors rather than employees.  *See, e.g.*, Compl. ¶ 3.  Indeed, Plaintiff's entire lawsuit hinges on the allegation that Lowe's classified installers as independent contractors to avoid paying the putative class the benefits it offered to its other employees.  Compl. ¶ 51.  Accordingly, ERISA's preemptive reach

---

[7] The cases are *Traver v. Lowe's Home Centers, Inc.*, E.D. N.Y. Case No. CV-12-3528-SLT-VVP (filed June 14, 2012); *Carroll v. Lowe's Home Centers, Inc.*, S.D. Fla. 12-23996-CIV-GOLD (filed Sept. 7, 2012); and *Shephard, et al. v. Lowe's HIW, Inc.*, N.D. Cal. No. C 12-03893 (filed Oct. 3, 2012).

transforms Plaintiff's state law claims into "claims arising under federal law for purposes of federal question jurisdiction." *Clark*, 2012 WL 851608 at *3.

27.     Because Plaintiff's state law claims are pre-empted under ERISA, original subject matter jurisdiction is vested with this Court pursuant to 28 U.S.C. § 1331, rendering removal of the instant matter proper for this additional, independent reason.

WHEREFORE, Lowe's hereby removes this State Action from the Suffolk County Superior Court in and for the Commonwealth of Massachusetts, to this Court, pursuant to 28 U.S.C. § 1441.

LOWE'S HOME CENTERS, INC.

By its attorneys,


/s/ *Ashley E. Tessier*
Robert M. Buchanan, Jr. (BBO # 545910)
Thomas E. Shirley (BBO # 542777)
Ashley E. Tessier (BBO # 673108)
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone:  (617) 248-5000
Facsimile:  (617) 248-4000
rbuchanan@choate.com
tshirley@choate.com
atessier@choate.com


Phillip J. Eskenazi (*Pro Hac Vice* Forthcoming)
Emily Burkhardt Vicente (*Pro Hac Vice* Forthcoming)
HUNTON & WILLIAMS LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
Telephone:  (213) 534-2000
Facsimile:  (213) 534-2020
peskenazi@hunton.com
ebvicente@hunton.com

Dated:  March 22, 2013

## CERTIFICATE OF SERVICE

I, Ashley E. Tessier, hereby certify that on March 22, 2013, a copy of the foregoing

Notice of Removal was served by electronic and regular mail upon counsel for plaintiff at the

following address:

    Jeffrey C. Block, Esq.
    Scott Mays, Esq.
    Erica Sorg, Esq.
    BLOCK & LEVITON LLP
    155 Federal Street
    Suite 1303
    Boston, MA  02110

            /s/ *Ashley E. Tessier*_____
            Ashley E. Tessier

5694383v1